UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MADRID, | Case No. 3:14-cv-0768-GPC-DHB |
| Petitioner,<br>v. | **ORDER DENYING MOTION TO APPOINT COUNSEL** |
| FRED LAWRENCE, | |
| Respondent. | |

On April 1, 2014, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, contending he is being deprived of the gratuities, clothing, and transportation provided to indigent defendants upon release from federal custody under 28 C.F.R. § 571.20 et seq. (ECF No. 1, "Petition".) Petitioner is currently being housed in a Corrections Corporation of America ("CCA") facility, which is a non-federal facility located in San Diego County, California. Petitioner is due to be released toward the end of May 2014.

On April 11, 2014, Petitioner filed a motion for appointment of counsel ("Motion"). (ECF No. 5.) The Motion, coupled with a request for an expedited hearing on the Petition per Petitioner's impending release from custody,[1] states in its entirety: "Notice of motion to appoint counsel [d]ue to the fact that I am [l]egally

---

[1] The Court has set May 23, 2014, as the date to consider the Petition. (See ECF No. 6.)

illiterate and need appointment of counsel for this legal action."

In an in forma pauperis action such as this, a district court "may **request** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Appointment of counsel in a civil case "is a privilege and not a right." United States ex rel. Gardner v. Madden, 352 F.2d 792, 794 (9th Cir. 1965). The decision whether to request an attorney to represent an indigent plaintiff is within the discretion of the court and is "granted only in exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)). In exercising its discretion, the court must consider three factors: "(1) the plaintiff's financial resources, (2) the efforts made by plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." Bradshaw v. Zoological Soc. of San Diego, 662 F.2d 1301, 1318 (9th Cir.1981).

Here, Petitioner has already demonstrated he lacks financial resources to secure counsel, in that the Court has found Petitioner indigent under 28 U.S.C. § 1915. (ECF No. 3.) Petitioner has not, however, demonstrated that he has made any efforts to secure counsel. While Petitioner represents that he is "legally illiterate," his filings in this Court—each of which are comprehensible—indicate otherwise.

As to the merit of Petitioner's claim, the Court finds it has some merit. Petitioner contends that, as a federal prisoner who will be released toward the end of May 2014, he is being deprived of the release gratuities, transportation, and clothing that indigent prisoners are entitled to under 28 C.F.R. §§ 571.20; 571.21(a), (b), (d); and 571.22(c).

28 CFR § 571.20 provides:

> It is the policy of the Bureau of Prisons that an inmate being released to the community will have suitable clothing, transportation to the inmate's release destination, and some funds to use until he or she begins to receive income. Based on the inmate's need and financial resources, a discretionary gratuity up to the amount permitted by statue may be granted.

28 CFR § 571.21 provides: "A federal prisoner boarded in a non-federal facility

is eligible for a release gratuity. The director of the non-federal facility . . . or the community corrections manager shall determine the amount of release gratuity in accordance with the purpose and scope of this regulation . . . ."

Petitioner provides documentation indicating that, in response to Petitioner's request for release gratuities, transportation, and clothing to Respondent, Respondent's response was "You need to address this with the U.S. Marshals, and with your attorney." (ECF No. 1 at 9.) In other words, if Petitioner's allegations are true, it appears Respondent did not comply with 28 C.F.R. § 571.20 et seq. As such, the Court finds Petitioner's claim has some merit.

Still, given Petitioner's failure to attempt to secure counsel (pro bono or otherwise) on his own, the Court finds Petitioner has not demonstrated the "exceptional circumstances" necessary for the Court to request that an attorney represent Petitioner. Further, the factual and legal issues underlying the Petition have not yet been developed; thus, it may be that the Court ultimately finds Petitioner's claim does not have merit. Accordingly, Petitioner's Motion, (ECF No. 5), is **DENIED WITHOUT PREJUDICE**.

DATED: April 22, 2014

HON. GONZALO P. CURIEL
United States District Judge